The next case, Rhoda Murray v. Compensation Comm'n, 5090091. Counsel, please. Good morning, Your Honors. May it please the Court and the Counsel. My name is K.C. VanWyke. I'm here to present you the case of Ms. Rhoda Murray. Ms. Murray was a long-term employee, 20 odd years, close to 30 years of a cake decorator, solely at Kroger. The good part about this case is that the facts are basically undisputed. I think both sides agree to her job, as well as the facts of the actual case that's presented to you. Ms. Murray, in April of 2003, was at her family physician and explained to her doctor that she had the occasional feelings of having pins and needles in her hands. Her doctor suggested that he felt like it was probably a carpal tunnel syndrome situation, but wanted to make sure. And at that date, ordered an EMG study, which was done 8 days later. By the doctor's recommendation, she was taken off work until the study could be scheduled. The study was performed, showed mild, right-handed carpal tunnel syndrome. And after that diagnosis was relayed to the petitioner, the treatment or the acquisition of information on that condition ended. This is back in, this is when, what date? In April, I believe it was April 11, 2003. Okay, so then doesn't, isn't it true at that point that the claimant is aware of the fact that there's an injury and that it's causally connected to the work? The answer is, there's a diagnosis of a condition. And it's actually a very, the reason I'm here is for the clarification of a fairly reasonable question, which is, is the diagnosis of a condition an injury? The petitioner had some complaints that she didn't understand what they were, but at the same time, not disabling, she gets that diagnosed, which we would not argue, obviously, but goes immediately back to work and does her job without any restrictions, without any hampering of ability, for a period of 3 years, seeks no more treatment, no splints, no time off work. I mean, there truly is no treatment after the diagnosis and working in full capacity for a period of 3 years doing, again, very hand-intensive work. Counsel, you would agree that in a repetitive trauma case, an injury manifests itself when both the fact of the injury and the causal relationship of the injury to the claimant's employment would have become plainly apparent to a reasonable person. That is the standard. Absolutely. No argument. And I think it's true, as you've alluded to, there are some circumstances and cases in which the claimant legitimately may not subjectively be able to make the connection. Here's the hurdle that I think you have a difficult time getting over, and I'd like you to address how you get over it. Sure. The claimant testified as to the events in April of 03, and the last question is this, asked by Respondent's Counsel. So it's your understanding that the carpal tunnel was as a result of your work activities back in 2003, correct? And the claimant says yes. That's not a clear acknowledgment of a manifestation of an injury connected to the work activities? The reason I'm here, Judge, is not to argue that point. I completely agree. And that's what I'm saying. There's no tricks. I'm sorry, I can't think of the word now. At trial, what I'm saying is the testimony is exactly the same from everybody. I guess the question is, tell us why the claimant's own testimony does not support the commission's decision. Because Your Honor is hinging his question on the fact of whether an injury was manifested. And the reason Petitioner's Counsel is here today is to ask the question, was there an injury? Is the diagnosis of a condition an injury? I understand what you're asking, and I agree with you. The manifestation of the diagnosis was at that time. I agree. Are you wanting the law to say that in repredative trauma, that from your standpoint, you're asking this question because this lady, she was off work after this diagnosis, was she not? No, she was not, Your Honor. She saw the doctor, got the diagnosis, and went back to work? The next day. The next day. She didn't take advantage of that off work slip, am I correct? Don't misunderstand what I'm saying, Your Honor. She went to the family physician. She explains to him occasional pins and needles feeling. Her family physician says, let's get this figured out, because they wanted to know what it was. From that date, her family physician says, I'd like to have you go see an orthopedic just to get an EMG to find out if what I'm thinking is going on is correct. During that time, it was his recommendation to be off while the test was being scheduled. Okay, so really you're saying the diagnosis was the EMG where she admitted that it linked her condition to work. Correct. Which you're, I think, you may correct me, you're asking that this whole repetitive trauma area of the law, especially in regard to carpool tunnel, that you have someone, a dedicated employee who's out there saying, you know, I can still do my job, that injury doesn't occur until there is disablement from that condition? Is that what you're? I am. That's really what? I mean, some sort of disablement, some sort of repercussions to their job performance, some sort of, you know, I am saying that, Your Honor, because in the. Well, what about the employee who is actually injured at work and continues on working? Under your theory, he wouldn't be entitled to workers' compensation benefits because he hasn't been disabled, he didn't stop working. But that's not the law. No, what I'm saying, Your Honor, is that that employee would be entitled to workers' compensation at any time that they made a claim for an injury that affects their job. Well, how does that affect the employer? I mean, the employer has a right to investigate these claims. Right. And he has a right to do that investigation at some reasonable time, close to the time it happens. Under your theory, if I continue working for five years, then five years from the time that I contracted this, I can file a workers' compensation claim. And what I would present, that in that situation, are we working at the same facility, are we working in the same capacity? What difference does it make? Well, it makes a difference because if I've worked that long in the same capacity and five years later, I suppose, I come forward and say, I can no longer capably do my job. No, you don't have to say, I can't do my job. You can say, I want to recover under workers' compensation because I've got 5% loss of the use of the right arm as a result of this. So five years from now, I get to file for workers' compensation. That's not fair. I don't understand how it prejudices or hurts the employer in any way. How about he can't investigate? The employee is still doing the same position, doing the same work over an extended length of time. I don't know what would not be able to be investigated. But the injury occurred five years earlier. It doesn't have to be repetitive trauma. Under your theory, it could be something dropped on my foot. And again, I'm just in my argument. What I'm saying is the injury hadn't occurred five years earlier. It's occurred when now I cannot perform my job. That's the injury. There's a difference to me between a condition and an injury. Wait a minute. You mean to me I can't be injured if I can still perform my job? Is that your theory? No. It's not. Well, obviously, I can be injured to still perform my job. Absolutely. So why shouldn't he have to file his workers' compensation case within 45 days of the manifestation of his injury? I suppose the question that I present to the court, which I have a hard time understanding, is in this exact situation, if the case was filed in April properly under the commission's decision and the facts stay exactly as they are, and this person works for two, three, four years with no problems, with no treatment, with no need for treatment by their own testimony, there is no case. That's the part that's confusing to me. If the case is brought and then at some point, whether it becomes a case that's been around for two or three years without any treatment or without any complaints, if that case was taken to trial at that point under the conditions that we have now, the arbitrator would rightfully say there is no injury, there is no permanency, there was no treatment, it would be a case that would be denied. And that's where I get confused. Well, maybe the answer is you can't have it both ways. Would you agree that there has to be a date of the accident at some point? Yes, sir. Well, under your theory, what's the date of the accident if you tie it into a disablement in the future? What's the date of the accident? I believe that I would argue it's the date of some sort of breakdown in your ability to do your job. And I understand that's a subjective maybe hurdle, because for different people, as we're pointing out, different people would work through. They have different pain thresholds. They have different definitions to themselves of what an injury would be. That would be my argument. Put it in the context of this case. Under the law, determining the date of an accident is a question of fact for the commission, correct? Correct. All right. So, and we can't disturb it unless it's against the manifest weight of the evidence. So why under the current state of the law is this decision against the manifest weight of the evidence? And again, my argument would be that I don't believe that having a condition that's diagnosed is an injury. I would use the example, and it's hard for me to do. Whether it's true or not, that's the argument. But I would compare it to, you know, I used this at lunch yesterday with one of my coworkers. As we all know from being in the workers' compensation system, we probably all have degenerative disc disease in our back. You know, it's something that's very well-founded that as you get older you have arthritis. Well, if I have any kind of back pain in a situation, I've already got degenerative disc disease. If I get by it, if it's something that's not, you know, I feel like what you're saying is, is with anything that's repetitive in nature, whether it's joint issues, whether it's purple tunnel, whether it's, there can be a diagnosis of a condition without the inability to have that affect your work performance. And I think the goal of work comp is to protect the employee against those situations where they have a work-related injury that affects their physical health and their ability to do their job. Now, I understand also that the employer has rights. I understand that. But I think the goal of the law is to protect that right first. And I feel like those people with a repetitive injury, with the feeling that they are not injured, which is what this lady's saying, she's kind of caught in the middle. I understand it's confusing. In a repetitive trauma circumstance, can continued repetitive trauma act as an aggravation of a preexisting repetitive trauma injury? I believe it can. I mean, we filed the same case in that way. I just felt like this was an issue that I'd like to address is why we're here. We filed also as a repetitive, as an aggravation of preexisting on the May date, which is in question here as well. That's another case. That's another case. You'd have to concede your argument is somewhat novel and is not consistent with existing precedent. Absolutely. Yeah, I would. But I felt like it needed to be addressed. This was a 19-B case, wasn't it? Yes, sir. Thank you, counsel. Counsel, please. May it please the court, counsel? My name is Robert Crowe. I represent the employer. Just to pick up on where the court has left, counsel is arguing a novel approach which has been specifically rejected by the Illinois Supreme Court in the Peoria County Bellwood Nursing Home v. Industrial Commission case. In that case, the court specifically held that it makes no sense and it's to no one's advantage to require under the act an employee to break down before there would be an actual injury. In this case, a couple of the facts. I don't disagree with what Mr. Van Winkle said, but I do disagree with somewhat of his characterization because in the briefs, I mean, there's not a disagreement about what happened, but there's a disagreement about what it means. And just a couple of clarifications. With respect to the off-work slip that's referred to on April 14, 2003, it specifically notes that it's due to the work-related injury, and that was by Dr. Germain. So she is off work due to the injury. Also, when she gets the results of the EMG test, there's a notation in the record, which is cited in the briefs, that it was specifically discussed with her what this was and that it was related. And as the court's already pointed out in her testimony, she admitted that she knew she had carpal tunnel syndrome and that it was from work-related activities leading up to April 2003. So he's not disputing that. He's sort of asking us to revisit the state of the law. Setting aside existing precedent, he's arguing with somewhat of a logical appeal, why do you want to require a breakdown? Give me the policy reasons or the underlying rationale for why you couldn't tie it into the disablement. I think, Your Honor, the problem is that if you require someone to work until there's a disablement, you're actually inviting an employee to work up to the point where their condition would actually be made worse. So it's actually worse for the worker under that circumstance, not better. Yes, Your Honor. I would agree with that completely. The other thing I would disagree with the counsel is he's saying, well, diagnosis does not equal injury. And I would disagree with that, particularly in a cumulative trauma case. Because what you're saying, what's occurred at that point is you have an objective test, okay, a nerve conduction test, an electromyogram, is demonstrating slowing of the nerves. That is an injury. And it's diagnosed by the doctor and it's also diagnosed on the test. So the only issue becomes, what is the nature and extent? He said that that would not be a case that could be, which he would claim would be entitled to recovery. I disagree. If there's a showing under the act of an injury, they're entitled to whatever permanency can be demonstrated at that point. And if the court rules in our favor in this case and upholds the act and the existing case law and defers to the commission findings, I think they should, they have another alternative here, which is they've already filed for this same carpal tunnel syndrome using the later date. So she has a remedy. So this case to me is a very clear-cut case where, basically, the employee did not meet her burden under the act to file within a timely amount of time. This was a split decision, so to speak, in any event, wasn't it? There was a decision found that notice was provided properly with regard to the right hand but not the left hand, is that right? That is correct, Judge. Thank you, counsel. Thank you. Roboto. Just very quickly, Your Honors, just to address the question you asked, I have two. I would still stand by my position that a diagnosis of a condition is not necessarily an injury. I probably have all sorts of conditions standing in front of you in which I don't know. I'm not injured. I don't know that you can make that leap to say that a physical condition necessarily means that there's an injury. That's kind of a broad view of that in general. What I would like to address, though, is your question again about trying to force an employee to work until breakdown. Breakdown, in one sense or another, is what all the injuries that are compensable under work comp are. We are presenting the question as if it's supreme breakdown, that I can no longer do anything. And what I'm saying is breakdown, potentially on a doctor's opinion, can be a very low hurdle. We keep talking about it as if it's a very high hurdle. Correct. I mean, we can have gradations of breakdown. I think the opposing counsel was suggesting that, that even if it's not de minimis, which most doctors would say de minimis, we're not going to say it's breakdown, but if it's above that threshold, although slight, is not your client entitled to compensation for that? I would agree. I think I maybe misstated that. You're right. We probably would not have a losing case. And so that compensated at that level of breakdown, that gradation, but then if it becomes progressively worse, you have a remedy which you're filing now is aggravation of that level that they've broken down to, to receive compensation for the next level step down, gradation down. I think that's what I think the opposing counsel was suggesting. I think maybe underlying the act and our decisional law is that approach. And I do understand that, and I appreciate that we have, we were lucky in this situation to have a fallback, you know, remedy. But I don't think that's the issue on this case before the court, because that's not always the case. And so in the end, the real question was, I would love to have a definition. You know, there are cases where there is a diagnosis of a condition that, in counsel's opinion, which doesn't matter very much, may or may not be considered an actual injury. I appreciate it. Thank you. Thank you, counsel. The court will take the matter under advised for disposition.